# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| NESTOR QUEVEDO-ROQUE, | 1:12-CV-0072-AWI-DLB (HC) |
| Petitioner, | ORDER DENYING PETITION FOR WRIT OF MANDAMUS |
| v. | [Doc. 1] |
| UNITED STATES FEDERAL BUREAU OF PRISONS, | |
| Respondent. | |

## BACKGROUND

Petitioner is a federal prisoner proceeding pro se with a petition for writ of mandamus pursuant to 28 U.S.C. § 1361. Petitioner is currently incarcerated at the Federal Correctional Institution in Taft, California.

Petitioner states that he is a citizen of Cuba and holds permanent residence status in the United States. Petitioner is currently serving two federal sentences of 180 months imprisonment. Petitioner's proposed release date is in April or May of 2013. Petitioner's criminal conviction has subjected him to the possibility of deportation or removal.

In the instant petition for writ of mandamus, Petitioner seeks an order to compel the Bureau of Prisons to initiate and complete deportation or removal proceedings prior to his release date.

## DISCUSSION

A writ of mandamus is a request to the court that the court compel an officer or employee

1

1  of the United States to perform a duty owed to the petitioner.  28 U.S.C. § 1361; <u>Allied

2  Chemical Corp. v. Deiflon, Inc.</u>, 449 U.S. 33, 34, 101 S.Ct. 188, 190 (1980) <u>see also</u> <u>Deutsch v.

3  United States</u>, 943 F.Supp. 276, 279 (W.D.N.Y. 1996) (finding jurisdiction over mandamus

4  claim based on prisoner's request to expedite deportation proceedings).  However, mandamus is

5  an extraordinary remedy.  <u>Patel v. Reno</u>, 134 F.3d 929, 931 (9th Cir. 1998)  <u>Barron v. Reich</u>, 13

6  F.3d 1370, 1374 (9th Cir. 1994); <u>Stang v. IRS</u>, 788 F.2d 564, 565 (9th Cir. 1986).  Mandamus is

7  only available when (1) the petitioner's claim is clear and certain; (2) the duty is ministerial and

8  so plainly prescribed as to be free from doubt; and (3) no other adequate remedy is available.

9  <u>Kildare v. Saenz</u>, 325 F.3d 1078, 1085 (9th Cir. 2003);  <u>Patel</u>, 134 F.3d at 931;  <u>Barron</u>, 788 F.2d

10 at 1374.  As a general rule, "mandamus may not be used to impinge upon an official's legitimate

11 use of discretion."  <u>Barron</u>, 788 F.2d at 1376.  The only exception exists when "statutory or

12 regulatory standards delimiting the scope or manner in which such discretion can be exercised . .

13 . have been ignored or violated."  <u>Id.</u> (internal quotations and citations omitted).

14        As an initial matter, Petitioner requests the court direct an officer and/or employee of the

15 United States to take action concerning his removal; Yet Petitioner fails to state the name of the

16 individual who should be the subject of the mandamus order.

17        Moreover, Petitioner has no clear right to the remedies he seeks.  Title 8 U.S.C. §

18 1228(a)(3) provides:

19 **(3) Expedited proceedings**

20 **(A)** Notwithstanding any other provision of law, the Attorney General shall
   provide for the initiation and, to the extent possible, the completion of removal
21 proceedings, and any administrative appeals thereof, in the case of any alien
   convicted of an aggravated felony before the alien's release from incarceration for
22 the underlying aggravated felony.

23 **(B)** Nothing in this section shall be construed as requiring the Attorney General to
   effect the removal of any alien sentenced to actual incarceration, before release
24 from the penitentiary or correctional institution where such alien is confined.

25 8 U.S.C. § 1228(a)(3).  The statute governing deportation procedures does not require the

26 government to institute and conclude removal proceedings prior to the expiration of an alien's

27 sentence in a correctional facility.  8 U.S.C. § 1228(a)(3)(B); <u>see also</u> <u>Kim Thul Ouk v. U.S.

28 Dept. of Justice Executive for Immigration and Naturalization</u>, 2010 WL 98944, at *3 (W.D.Okla

2010) (finding that alien serving criminal sentence has no right to request commencement of deportation or removal proceedings); Guerra v. United States Department of Homeland Sec., 2006 WL 3486017, at * 3 (D.N.J. 2006) ("[A] prisoner cannot compel the BICE, by way of habeas or mandamus petition or the Administrative Procedure Act, to initiate removal proceedings while the alien is serving his prison term."); Payo v. Hayes, 754 F.Supp. 164, 166 (N.D.Cal. 1991) (relying on prior version of statute, 8 U.S.C. § 1252(a), and finding it did not require expedited proceedings and the only reference to a time frame states that, "to the extent possible", the proceedings should be completed before the alien's release from incarceration). As one District Court has explained:

> Petitioner has no clear right to deportation prior to the expiration of his term of incarceration, and the INS has no obligation to remove him prior to his release from state custody. According to 8 U.S.C. § 1228, which governs the removal of aliens convicted of committing aggravated felonies, "the Attorney General shall provide for the initiation and to the *extent possible*, the completion of deportation proceedings . . . prior to the alien's release from incarceration."

Rodney v. Immigration and Naturalization Service, 462 F.Supp.2d 285, 288 (D.Conn. 2006) (citing 8 U.S.C. § 1228(a)(3)(A)).  Accordingly, Petitioner has no right to an immediate deportation or removal hearing, and Petitioner's petition for writ of mandamus must be denied.

## ORDER

Based on the foregoing, it is HEREBY ORDERED that:

1. The petition for writ of mandamus is DENIED; and
2. The Clerk of Court is directed to close this action.

IT IS SO ORDERED.

Dated:   August 2, 2012

_____
CHIEF UNITED STATES DISTRICT JUDGE