# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| NESTOR QUEVEDO-ROQUE, | 1:12-cv-00072-AWI-DLB (HC) |
| Petitioner, | ORDER DENYING PETITIONER'S MOTION FOR RECONSIDERATION |
| v. | (ECF Nos. 12, 13) |
| UNITED STATES FEDERAL BUREAU OF PRISONS, | |
| Respondent. | |

On January 9, 2012, Petitioner, who is incarcerated, filed a writ of mandamus pursuant to 28 U.S.C. § 1361. Petitioner sought to compel the respondent to conduct deportation proceedings. On August 3, 2012, the petition for writ of mandamus was dismissed and judgment was entered.

On August 13, 2012, Petitioner filed a Rule 59(e) motion for reconsideration, and on October 19, 2012, Petitioner filed a motion to expedite a ruling on the reconsideration motion. (ECF Nos. 12, 13.) Petitioner contends that the Court's dismissal order was made in clear error.

Rule 59(e) is "an extraordinary remedy, to be used sparingly in the interests of finality and conservation of judicial resources." Carroll v. Nakatani, 342 F.3d 934, 945 (9th Cir. 2003). Relief under Rule 59(e) is generally appropriate under four circumstances, including the necessity of correcting "manifest errors of law or fact upon which the judgment is based." Turner v. Burlington N. Santa Fe R.R., 338 F.3d 1058, 1063 (9th Cir. 2003).

1

Petitioner cites to and relies on *Taylor v. Garcia*, 40 F.3d 299 (9th Cir. 1994) to argue that he has standing to bring this mandamus action. However, in 1995, the Ninth Circuit recognized that *Taylor* had been statutorily overruled and that incarcerated aliens may not seek mandamus relief to compel the INS to hold immediate deportation hearings. Campos v. I.N.S., 62 F.3d 311, 314 (9th Cir. 1995); Pedraza v. I.N.S., 1997 U.S. Dist. LEXIS 2500, *1-*2 (N.D. Cal. Mar. 3, 1997). *Taylor* does not aid Petitioner.

As stated in the Court's August 3, 2012, order, the statute governing deportation proceedings, 8 U.S.C. § 1228(a)(3), does not require the government to institute and conclude removal proceedings prior to the expiration of an alien's sentence in a correctional facility. 28 U.S.C. § 1228(a)(3)(B); Kim Thul Ouk v. U.S. Dept. of Justice Executive for Immigration and Naturalization, 2010 WL 98944, at *3 (W.D. Okla. 2010) (finding that alien serving criminal sentence has no right to request commencement or deportation or removal proceedings); Guerra v. United States Department of Homeland Sec., 2006 WL 3486017, at *3 (D.N.J. 2006) ("[A] prisoner cannot compel the BICE, by way of habeas or mandamus petition or the Administrative Procedure Act, to initiate removal proceedings while the alien is serving his prison term."). Petitioner has not shown clear error. Petitioner's motion is essentially a disagreement with the Court's prior analysis, which is not sufficient grounds for reconsideration. United States v. Westlands Water Dist., 134 F.Supp.2d 1111, 1131 (E.D. Cal. 2001); see also Dimarco-Zappa v. Cabanillas, 238 F.3d 25, 34 (1st Cir. 2001).

Based on the foregoing, Petitioner's motion for reconsideration is DENIED.
IT IS SO ORDERED.

Dated:   March 19, 2013

SENIOR DISTRICT JUDGE